UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DONNA VINCHESKI,<br><br>                    Plaintiff,<br><br>    - against -<br><br>UNIVERSITY OF MINNESOTA, VIDAR SUNDSTOL,<br>TIINA NUNNALLY, BARNES & NOBLE, INC.,<br>TARGET CORPORATION, BOOKS-A-MILLION,<br>INC., JET.COM, INC. and WAL-MART STORES, INC.<br><br>                    Defendants. | Docket No. _____<br><br>JURY TRIAL DEMANDED |

## COMPLAINT

Plaintiff Donna Vincheski ("Vincheski" or "Plaintiff") by and through her undersigned counsel, as and for her Complaint against Defendants University of Minnesota ("Minnesota"), Vidar Sundstol ("Sundstol"), Tiina Nunnally ("Nunnally"), Barnes & Nobles, Inc. ("Barnes"), Target Corporation ("Target"), Jet.com, LLC ("Jet"), Wal-Mart Stores ("Walmart"), Books-a-Million, Inc. ("Books") (together "Defendants") hereby alleges as follows:

## NATURE OF THE ACTION

1. This is an action for copyright infringement under Section 501 of the Copyright Act and for the removal and/or alteration of copyright management information under Section 1202(b) of the Digital Millennium Copyright Act. This action arises out of Defendants unauthorized reproduction and public display of a copyrighted photograph of black raven birds called "Branch Out" owned and registered by Donna Vincheski, a Buffalo, New York based photojournalist. Accordingly, Vincheski seeks injunctive and monetary relief under the Copyright Act of the United States, as amended, 17 U.S.C. § 101 *et seq*.

## JURISDICTION AND VENUE

2. This claim arises under the Copyright Act, 17 U.S.C. § 101 *et seq.*, and this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

3. This Court has personal jurisdiction over Defendants because Defendants reside and/or are doing business in New York.

4. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b).

## PARTIES

5. Donna Vincheski is a professional photojournalist in the business of licensing her photographs to online, print, and television stations for a fee, having a usual place of business at 218 Atlantic Avenue, Sloan, New York, 14212. Vincheski's photographs have appeared in many publications around the United States.

6. Upon information and belief, Minnesota is a general entity organized and existing under the laws of the State of Minnesota, with a principal place of business at 111 Third Avenue South, Suite 290, Minneapolis, MN 55401-2520. At all times material hereto, Minnesota has owned and operated University of Minnesota Press and a website at the URL: www.UPress.umn.edu (the "Website"). At all times material hereto, Minnesota has published the book entitled *The Ravens*.

7. Upon information and belief, Sundstol is a Norwegian author and the author the Minnesota Trilogy *The Ravens* which was published in 2015 and then re-published in 2016.

8. Upon information and belief, Nunnally is an American author and translator who translated the novel *The Ravens* into English.

9. Upon information and belief, Barnes is a corporation duly organized and existing under the laws of Delaware with a principal place of business at 122 5th Avenue, New York, NY

10011. At all times material hereto, Barnes has owned and operated a website at the URL: www.BarnesandNoble.com and Barnes & Noble stores.

10. Upon information and belief, Target is a corporation duly organized and existing under the laws of Minnesota with a principal place of business at 1000 Nicollet Mall, Minneapolis, MN 55403. At all times material hereto, Target has owned and operated a website at the URL: www.Target.com and Target Stores

11. Upon information and belief, Books is a corporation duly organized and existing under the laws of Delaware with a principal place of business at 402 Industrial Lane, Birmingham, AL 35211. At all times material hereto, Books has owned and operated a website at the URL www.BooksAMillion.com.

12. Upon information and belief, Jet is a corporation duly organized and existing under the laws of Delaware with a place of business with a principal place of business at 221 River Street Hoboken, NJ 07030.  At all times material hereto, Walmart has owned and operated a website at the URL: www.Jet.com.

13.  Upon information and belief, Walmart is a corporation duly organized and existing under the laws of Delaware with a principal place of business located at 702 SW 8th Street, Bentonville, AR 72716. At all times material hereto, Walmart has owned and operated a website at the URL: www.Walmart.com and Walmart Stores.

**STATEMENT OF FACTS**

A. **Background and Plaintiff's Ownership of the Photograph**

14. In 2007, Vincheski photographed three black raven birds on a branch. The photographed is called "Branch Out" (the "Photograph").  A true and correct copy of the Photograph is attached hereto as Exhibit A.

15. Vincheski then placed it on www.FineArtAmerica.com to sell. Vincheski's credit was placed right besides the Photograph. A true and correct copy of the Photograph on Fine Art America is attached hereto as Exhibit B. See (http://fineartamerica.com/featured/three-ravens-gothicolors-images.html)

16. Vincheski is the author of the Photograph and has at all times been the sole owner of all right, title and interest in and to the Photograph, including the copyright thereto.

17. The Photograph was registered with the Copyright Office and was given Copyright Registration Number VA 2-002-043.

**B.     Defendants' Infringing Activities**

18. **Minnesota**- Upon information and belief, in 2015 and then in 2016, Minnesota published the Minnesota Trilogy novel *The Ravens*. ("the Book"). The front cover of the Book prominently featured the Photograph. A true and correct copy of the front cover of the 2015 Book and 2016 Book is attached hereto as Exhibit C. A true and correct copy of the Book on the Website is attached hereto as Exhibit D.

19. Minnesota did not license the Photograph from Plaintiff for its Book, nor did Minnesota have Plaintiff's permission or consent to publish the Photograph on its Book.

20. **Sundstol-** Upon information and belief, Sundstol is the author of the Book. The front cover of the Book prominently featured the Photograph.

21. Sundstol did not license the Photograph from Plaintiff for its Book, nor did Sundstol have Plaintiff's permission of consent to publish the Photograph on its Book.

22. **Nunnally-** Upon information and belief, Nunally is the translator of the Book. The front cover of the Book prominently featured the Photograph.

23. Nunnally did not license the Photograph from Plaintiff for the Book, nor did Nunnally have Plaintiff's permission of consent to publish the Photograph on its Book.

24. **Barnes, Target, Walmart, Jet, and Books-** Upon information and belief, Barnes, Target, Walmart, Jet, and Books are selling Book on their websites and stores. A true and correct copy of the book on their websites are attached hereto as Exhibit E.

25. Barnes, Target, Walmart, Jet, Books did not license the Photograph from Plaintiff for the Book, nor did Barnes, Target, Walmart, Jet, Books have Plaintiff's permission of consent to sell the Book with the Photograph.

**FIRST CLAIM FOR RELIEF**
**(COPYRIGHT INFRINGEMENT AGAINST MINNESOTA, SUNDSTOL, NUNNALLY, BARNES, TARGET, BOOKS, JET, WALMART)**
**(17 U.S.C. §§ 106, 501)**

26. Plaintiff incorporates by reference each and every allegation contained in Paragraphs 1-25 above.

27. Defendants infringed Plaintiff's copyright in the Photograph by reproducing and publicly displaying the Photograph on the Book. Defendants are not, and have never been, licensed or otherwise authorized to reproduce, publically display, distribute and/or use the Photograph.

28. The acts of Defendants complained of herein constitute infringement of Plaintiff's copyright and exclusive rights under copyright in violation of Sections 106 and 501 of the Copyright Act, 17 U.S.C. §§ 106 and 501.

29. Upon information and belief, the foregoing acts of infringement by Defendants have been willful, intentional, and purposeful, in disregard of and indifference to Plaintiff's rights.

30. As a direct and proximate cause of the infringement by the Defendant of Plaintiff's copyright and exclusive rights under copyright, Plaintiff is entitled to damages and defendant's profits pursuant to 17 U.S.C. § 504(b) for the infringement.

31. Defendant's conduct, described above, is causing, and unless enjoined and restrained by this Court, will continue to cause Plaintiff irreparable injury that cannot be fully compensated by or measured in money damages. Plaintiff has no adequate remedy at law. Pursuant to 17 U.S.C. § 502, Plaintiff is entitled to permanent injunction prohibiting further infringement of Plaintiff's copyrights and exclusive rights under copyright.

## SECOND CLAIM FOR RELIEF
## (INTEGRITY OF COPYRIGHT MANAGEMENT INFORMATION AGAINST MINNESOTA AND SUNDSTOL)
## (17 U.S.C. § 1202)

32. Plaintiff incorporates by reference each and every allegation contained in Paragraphs 1-31 above.

33. When the Photograph was published on FineArtAmerica.com, the article contained copyright management information protected under 17 U.S.C. § 1202(b).

34. Upon information and belief, in the Book, Minnesota and Sundstol intentionally and knowingly removed copyright management information identifying Plaintiff as the photographer of the Photograph.

35. The conduct of Minnesota and Sundstol violates 17 U.S.C. § 1202(b).

36. Upon information and belief, Minnesota and Sundstol's falsification, removal and/or alteration of the aforementioned copyright management information was made without the knowledge or consent of Plaintiff.

37. Upon information and belief, the falsification, alteration and/or removal of said copyright management information was made by Minnesota and Sundstol knowingly and with the intent to induce, enable, facilitate, or conceal their infringement of Plaintiff's copyrights in the Photograph. Minnesota and Sundstol also knew, or should have known, that such falsification, alteration and/or removal of said copyright management information would induce, enable, facilitate, or conceal their infringement of Plaintiff's copyrights in the Photograph.

38. As a result of the wrongful conduct of Minnesota and Sundstol as alleged herein, Plaintiff is entitled to recover from Minnesota and Sundstol the damages, that she sustained and will sustain, and any gains, profits and advantages obtained by Minnesota and Sundstol because of their violations of 17 U.S.C. § 1202, including attorney's fees and costs.

39. Alternatively, Plaintiff may elect to recover from Minnesota and Sundstol statutory damages pursuant to 17 U.S.C. § 1203(c)(3) in a sum of at least $2,500 up to $25,000 for each violation of 17 U.S.C. § 1202.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests judgment as follows:

1. That Defendants be adjudged to have infringed upon Plaintiff's copyrights in the Photograph in violation of 17 U.S.C §§ 106 and 501;

2. The Minnesota and Sundstol be adjudged to have falsified, removed and/or altered copyright management information in violation of 17 U.S.C. § 1202.

3. Plaintiff be awarded Plaintiff's actual damages and Defendant's profits, gains or advantages of any kind attributable to Defendant's infringement of Plaintiff's Photograph.

4. That Defendants and their officers, directors, employees, agents, representatives, affiliates, subsidiaries, distributors, licensees, and all persons or entities acting in concert or participation with any Defendant be enjoined from copying, reproducing, distributing, adapting, or publicly displaying Plaintiff's Photograph, pursuant to 17 U.S.C. § 502.

5. That, with regard to the Second Claim for Relief, Plaintiff be awarded either: a) Plaintiff's actual damages and Minnesota and Sundstol profits, gains or advantages of any kind attributable to Minnesota and Sundstol falsification, removal and/or alteration of copyright management information; or b) alternatively, statutory damages of at least $2,500 and up to $ 25,000 for each instance of false copyright management information and/or removal or alteration of copyright management information committed by Minnesota and Sundstol pursuant to 17 U.S.C. § 1203(c);

6. That Defendants be required to account for all profits, income, receipts, or other benefits derived by Defendant as a result of its unlawful conduct;

7. That Plaintiff be awarded his costs, expenses and attorneys' fees pursuant to 17 U.S.C. § 1203 (b);

8. That Plaintiff be awarded pre-judgment interest; and

9. Such other and further relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all issues so triable in accordance with Federal Rule of Civil Procedure 38(b).

Dated: Valley Stream, New York
       June 16, 2016

                                      LIEBOWITZ LAW FIRM, PLLC

                                      By: /s/ Richard Liebowitz___
                                            Richard P. Liebowitz
                                     11 Sunrise Plaza, Suite 301
                                     Valley Stream, NY 11580
                                     Tel: (516) 233-1660
                                     RL@LiebowitzLawFirm.com

                                     *Attorney for Plaintiff Donna Vincheski*